## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

| | | |
|---|---|---|
| **CRYSTAL S. BLYE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 3:22-cv-02300** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **BIO-MEDICAL APPLICATIONS OF** | ) | |
| **ILLINOIS, INC. D/B/A FRESENIUS** | ) | |
| **MEDICAL CARE NORTH AMERICA,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | | |

## COMPLAINT

Plaintiff, Crystal S. Blye ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Bio-Medical Applications of Illinois, Inc. d/b/a Fresenius Medical Care North America ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.    This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), seeking redress for Defendant's unlawful race discrimination and retaliation in violation of Title VII.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

3.    Venue of this action properly lies in the Southern District of Illinois, Benton Division, pursuant to 28 U.S.C. § 1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

5.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6.      Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit under Title VII.

7.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

8.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9.      Plaintiff is an individual residing at Williamson County, Illinois.

10.      Defendant operates a medical facility at 900 Skyline Drive, Suite 200 Marion, Williamson County, Illinois 62959, in which is in this judicial district.

11.      At all times relevant, Plaintiff was employed and worked at Defendant's medical facility location at 900 Skyline Drive, Suite 200 Marion, Illinois 62959.

## BACKGROUND FACTS

12.      Plaintiff was hired on or about February 28, 2017 by Defendant as a dialysis technician.

13.      Defendant has subjected Plaintiff to different terms and conditions of employment

than others not within Plaintiff's protected class.

14.     Plaintiff was subjected to discrimination based on her race and color.

15.     Plaintiff began to suffer discrimination starting when she transferred to the Marion, Illinois location in or around April, 2020.

16.     Plaintiff was the only African-American employee and non-African-American coworkers would often make jokes at her expense, such as, liking hot sauce because she is African-American, along with other racist statements and comments that had racial overtones.

17.     Plaintiff complained about a coworker making inappropriate comments to a African-American patient but Defendant failed to address the ongoing harassment.

18.     In or around the summer of 2021, Plaintiff complained about not being given the same opportunity to train that was given to a Caucasian coworker (which came with pay incentives).

19.     Defendant did not addressed Plaintiff's complaint but they did assign her to train a new hire that was African-American a few months later.

20.     Plaintiff started training a second African-American employee but they abruptly took her off the schedule and placed the trainee with a Caucasian employee with less experience.

21.     Prior to Plaintiff's termination, Plaintiff requested to be moved to either a PRN or part-time position working three 12-hour shifts.

22.     At first Plaintiff was told that they were not hiring PRN positions but when the Plaintiff pointed out that a Caucasian employee was recently hired for a PRN position, Defendant stated that they would need to get permission for Plaintiff to go to PRN status.

23.     Plaintiff requested that they seek permission for PRN status.

24.     Plaintiff's charge nurse treated Plaintiff in a demeaning manner.

3

25.     The charge nurse would proceed to follow Plaintiff through the facility while berating her.

26.     Plaintiff reported the treatment to management.

27.     Defendant offered to put Plaintiff in a PRN position to resolve the issue, which was acceptable to Plaintiff.

28.     However, a few weeks later Plaintiff was removed from the schedule altogether.

29.     Upon Plaintiff inquiring whether she was terminated; management claimed that the Plaintiff had resigned, which was false.

30.     Plaintiff was terminated in retaliation for complaining of discrimination.

31.     Plaintiff has been discriminated against because of her race (African-American), and color (black), and retaliated against for complaining of discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

32.     Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

33.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

### COUNT I
### Violation of 42 U.S.C. Section 1981
### Race-Based Discrimination

34.     Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

35.      Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all

benefits, privileges, terms, and conditions of the contractual relationship.

36.     Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal intentional race discrimination in violation of 42 U.S.C. Section 1981.

37.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

38.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

### COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**
**Color-Based Discrimination**

39.     Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

40.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

41.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

42.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

43.     By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.**
**Race-Based Harassment**

44.     Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

45.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her race, African-American, and her color, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

46.     Defendant knew or should have known of the harassment.

47.     The race harassment was severe or pervasive.

48.     The race harassment was offensive subjectively and objectively.

49.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race, African-American.

50.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT VI**
**Violation of 42 U.S.C. § 2000e, *et seq*.**
**Retaliation**

51.     Plaintiff repeats and re-alleges paragraphs 1-33 as if fully stated herein.

52.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

53.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful race discrimination which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e, *et seq*.  As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

54.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race and color discrimination.

55.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

56.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the race –based and color-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

57.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

58.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.     Back pay with interest;

b.     Payment of interest on all back pay recoverable;

c.     Compensatory and punitive damages;

d.     Reasonable attorneys' fees and costs;

e.     Award pre-judgment interest if applicable; and

f.      Award Plaintiff any and all other such relief as the Court deems just and

proper.

Dated this 5th day of October, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
**CHAD EISENBACK, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*

8